**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DEBORAH MANEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:24-cv-01162** |
| **v.** | ) | |
| | ) | **Judge Trauger** |
| **MENTAL HEALTH COOPERATIVE,** | ) | **Magistrate Judge Frensley** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Deborah Maney, a resident of Nashville, Tennessee, filed this complaint against Mental Health Cooperative. (Doc. No. 1).

### I. FILING FEE

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). According to Plaintiff's IFP Application, her monthly income totals $923 from Supplemental Social Security payments, she has no assets of any kind, she has no monthly expenses of any kind, and she does not expect any major changes to her monthly income or expenses in the next 12 months (*Id.*) Plaintiff did not provide a residential address and states in her complaint that she is homeless. (Doc. No. 1 at 2). Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

### II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). In

1

doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). And pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

## III. ALLEGED FACTS

The complaint alleges that Plaintiff was discriminated against in housing matters by the Mental Health Cooperative because no one would help Plaintiff secure housing or an appointment to discuss housing; Plaintiff has been told that her housing applications were lost or she did not qualify for housing; she should be "a top priority"; she was humiliated; and these issues have been ongoing for 26 years. (Doc. No. 1 at 3-5).[1]

## IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff's complaint does not satisfy Federal Rule of Civil Procedure Rule 8 and cannot survive screening under Section 1915(e)(2).

Plaintiff brings her complaint under 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

The only named Defendant to the complaint is the Mental Health Cooperative. According to the website of Mental Health Cooperative, it is a nonprofit agency located in Nashville, Tennessee. *See* https://www.mhc-tn.org/ (last visited November 21, 2024). As a private nonprofit agency, Mental Health Cooperative is not a state actor subject to suit under Section 1983.

---

[1] Plaintiff's handwritten complaint is very difficult to read and, where legible, does not always make sense. (*See e.g.*, Doc. No. 1 at 4, handwriting on left side of the page). The Court has made its best attempt to fairly evaluate Plaintiff's allegations.

Even if Plaintiff had named a state actor as a defendant, some or all of Plaintiff's claims would be subject to dismissal on statute of limitations grounds. Title 42 U.S.C. § 1983 itself does not contain a statute of limitations. "The statute of limitations applicable to a [Section] 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the [Section] 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The Sixth Circuit Court of Appeals has specifically noted that the applicable limitations period in Tennessee is one year, based on Tennessee Code Annotated § 28-3-104(a). *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016) (citing *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000)). Accordingly, the statute of limitations for Plaintiff's Section 1983 claims is one year. Because the acts of which she complains have been occurring for 26 years, at least some of those claims would fall outside the one-year statute of limitations period.

Any remaining claims that possibly could fall within the limitations period would be subject to dismissal. The allegations set forth in the complaint do not explain what type of discriminatory conduct in which employees of the Mental Health Cooperative allegedly engaged. Furthermore, a person's inability to secure an appointment at a nonprofit agency does not rise to the level of a constitutional injury.

## V. CONCLUSION

As explained above, Plaintiff's in forma pauperis complaint is subject to dismissal under 28 U.S.C. 1915(e) because she has not named a Defendant who can be sued under Section 1983. Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

4

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment.

Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge